# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ELIJAH KWAME BROWN,**

      **Plaintiff,**

  v.                                         **Civil Action 2:20-cv-5266**
                                                  **Judge Sarah D. Morrison**
**NICHOLAS C. SIERS,**                  **Magistrate Judge Chelsey M. Vascura**

      **Defendant.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Nicholas C. Siers, an Ohio resident, brings this action against Defendant, Nicholas Siers, who Plaintiff appears to allege is employed as a police officer, alleging state-law defamation claims. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Brown v. Bargery*, 207 F.3d 863, 865, n. 2 (6th Cir. 2000). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's action pursuant to § 1915(e)(2) for failure to assert any claim over which this Court has subject-matter jurisdiction.

This matter is also before the Court for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915(a). Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff is permitted to prosecute this action without prepayment of

fees or costs, and any judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

## I.

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on which relief can be granted. Thus, a typical initial screen involves consideration of the merits of the claims asserted. In this case, however, upon review of Plaintiff's Complaint, the undersigned determines that it is unnecessary to consider the merits of the state-law defamation claims he advances because this Court lacks subject matter jurisdiction to hear such claims. When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II.

Plaintiff's Complaint lacks clarity. As best as the Court can discern, Plaintiff is seeking to advance claims for libel or slander, which are state-law claims. The entirety of Plaintiff's Complaint reads as follows:

> The Criminal Armed With, A-Gun-Employed As, A-Police-Officer Came To My Client's Jobs Of Kentucky Fried Chickens Restaurants, "While Elijah K. Brown Was Working Undercover 03-14-2006 At, Kentucky Fried Chickens Two Stores 03-14-2006 As The Certified Libel And Slander Written Research Federal Libel And Slander law Business"-Certified Business Name.

\* \* \*

> Pay Check's Matter When Financial Compensation Financially Comes from The Government for Libel And Slander Because Black Lives Matter. My Client Alleges The Mental Health Personal Injury Caused By The Government 03-14-2006.

(Compl. 3–4, ECF No. 1.)

### III.

Plaintiff's allegations fail to provide a basis for a claim over which this Court has jurisdiction.  "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).  Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution.  *Id*. (citation omitted).  For a federal court to have diversity jurisdiction pursuant to § 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000.  *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Federal Rule of Civil Procedure 8(a)(1) requires a pleading to contain "a short plain statement of the grounds for jurisdiction."  Fed. R. Civ. P. 8(a)(2).  Thus, "a plaintiff seeking diversity jurisdiction [must] set forth the factual basis on which that jurisdiction is predicated."  *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ( "[I]t is to be presumed that a cause lies outside [the Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.").  Although this pleading standard does not require "'detailed factual allegations,' a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

In the instant case, Plaintiff asserts state-law defamation claims, which do not satisfy § 1331 because this tort claim does not involve alleged violations of federal statutes or alleged deprivations of constitutional rights.  This leaves diversity jurisdiction under § 1332(a) as the

3

only potential basis for this Court's jurisdiction.  Plaintiff's allegations, however, are insufficient to support diversity jurisdiction because it appears that (1) both Plaintiff and Defendant are citizens of Ohio, and (2) Plaintiff has not plausibly alleged that the amount in controversy exceeds $75,000.

In summary, because Plaintiff has failed to plausibly allege facts upon which this Court could rely to conclude that the requisite amount in controversy is satisfied, and because there is not complete diversity between the parties, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to assert any claim over which this Court has subject matter jurisdiction **WITHOUT PREJUDICE** to filing the state-law claims in state court.

### IV.

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 4) is **GRANTED**. For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure 12(h)(3) **WITHOUT PREJUDICE** to filing the state-law claims in state court.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE